Dixon *v.* Dixon.

---

### DIXON *vs.* DIXON and another.

1. Whether the amount of property settled by a husband upon his wife, in adjusting a suit for divorce, is greater than was reasonable, cannot be examined into, if he was of sufficient capacity to make the conveyance and to adjust the difficulties between himself and his wife.

2. When a suit for separation and maintenance is proper to be brought, neither that nor an avowed determination to persevere in it can be considered as a threat.

---

This matter was submitted to the Chancellor, upon bill, answer, replication, and proofs, without argument or brief.

THE CHANCELLOR.

The bill is filed by the complainant, John Dixon, against the defendant, Annie Dixon, and her trustee as co-defendant. The object of the suit is to set aside a deed executed by the complainant to the trustee, conveying to him one-half of his property, for the benefit of his wife. The chief part of the

property was two houses and lots in Jersey City, worth about $24,000. The grounds alleged for setting aside this conveyance are, that he was at the time in a state of incapacity to transact business by reason of his intoxication, arising from his excessive use of spirituous liquors; that he was induced to make such conveyance by the threats and solicitations of his wife and her trustee, who was her counsel in a suit brought a few weeks before against him for divorce *a mensa et thoro*, and for alimony; that the conveyance was of too large a proportion of his property, and was obtained by promises on part of his wife, that if he would make it, she would return to him, live with him, and take care of him, promises which she has refused to perform. The answer was given as required, without oath.

The defendant, Annie Dixon, is the second wife of the complainant; she is about thirty, and he about sixty years of age; he has four children of his first wife, all grown up, and none by his present wife. He is, and has been from some time before the death of his first wife, as appears by all the testimony, a confirmed habitual drunkard, often outrageous and violent, and at times subject to fits of delirium tremens, such that his first wife, his daughters, and, on one or two occasions, his present wife, were used to put laudanum in his beer or other drinks, to quiet his excitement on such occasions; he was found to be a habitual drunkard, by an inquisition issued, executed, returned and confirmed six months after the filing of his bill in this cause. But it appears, from the evidence, that he was frequently sober, and by no means for the greater part of the time subject to delirium tremens, or any derangement or mental disease arising from his habits. And such is usually, perhaps always, the case with persons in the habit of frequent and gross intoxication, and subject to fits of delirium tremens. His wife was compelled, by his conduct and treatment of her, to leave him, and from the evidence, clearly had sufficient cause to institute her suit for divorce from bed and board, and for alimony.

He acted with discretion and wisely, in adjusting that suit by settling upon his wife a proper proportion of his property. Whether the part conveyed to her is greater than was reasonable, cannot be examined into here, if he was of sufficient capacity to make the conveyance and to adjust the difficulties between himself and his wife. The amount is not so excessive as, of itself, to be evidence of incapacity.

The only question is as to capacity, his capacity at the times when this arrangement was entered into and consummated. There are three different occasions in this transaction, at which his capacity, or his freedom from intoxication and delirium tremens, should be regarded. First, the time when he made the arrangement, after several negotiations with the counsel of his wife; next, the time when he signed the deed, some days after this; and lastly, the occasion, a few days later, when he met his wife at the office of her counsel, and the arrangement was assented to by both parties.

The evidence shows that on all three occasions he was sober, free from delirium tremens, and in possession of his faculties. There is no evidence to contradict this. The evidence on his part, that he was at other times, and frequently, intoxicated and wild with delirium tremens, is perfectly consistent with this. And without regard to the question upon whom, in a case like this, the burden lies to prove that complainant was, on these occasions, free from intoxication and delirium, the defendants have proved it satisfactorily.

There is no proof that any threats were made to induce the complainant to execute this deed; his wife, and her trustee both deny it. The suit for separation and maintenance was proper to be brought, and neither that, nor an avowed determination to persevere in it, can be considered as a threat.

There is no proof of a promise to return and live with him as a consideration of the deed.

The bill must be dismissed with costs.